Culver *v.* Whipple.

Judgment reversed.

*P. Smith*, for plaintiff in error.

*S. Hempstead*, for defendant.

———— • ●₁● ————

## CULVER *v.* WHIPPLE.

A variance between the writ and declaration cannot be taken advantage of by demurrer to the declaration.

In a case of such variance, the writ may on payment of costs, &c., be amended so as to conform to the declaration.

### *Error to Jackson District Court.*

*Opinion by* GREENE, J. A summons was issued in this case against Whipple, in an action on the case on promise. A writ of attachment appears also to have been issued and executed in due form under the statute. But the declaration filed was in an action of debt. The defendant demurred to the declaration, craved oyer of the writ of summons, and assigned as cause of demurrer, the variance between the writ and declaration, in that, the writ is in trespass on the case on promise, and the declaration in debt. The plaintiff by his counsel, objected to the filing of the demurrer, as inapplicable to the question therein raised. The court overruled the objection, sustained the demurrer, and gave judgment for the defendant. This decision is assigned as error, and the objection raised, that a variance between the writ and declaration cannot be taken advantage of by demurrer.

Upon a careful examination of authorities, we find but

little difficulty in arriving at a conclusion. The recent practice in the English courts, appears to be uniform, and the rule barely meets with an exception in this country, that the objection of variance between the writ and declaration, "is not a ground of demurrer to the declaration, but merely of a summary application to set aside the declaration for irregularity." 1 Chit. Pl. 254. Chitty remarks that by this practice, the plaintiff may abandon his first process and issue a new writ, adapted to the form of action set forth in his declaration.

But we think it would be a more judicious practice in such cases, and authorized by our statute of jeofails, for the courts to correct such deviation, by ordering the writ to be amended at the cost of the plaintiff; or if occcasioned by the clerk, in neglecting to follow the præcipe, then at his cost. And if, in the opinion of the court, such amendment occasion surprise to the defendant, a continuance of the cause should be ordered till the next term. By such a practice, we think much unnecessary inconvenience and expense would be saved to parties.

We think the court erred in acting upon, and sustaining the demurrer.

Judgment reversed.

*L. Clark*, for plaintiff in error.

*Wilson & Smith*, for defendant.